FILED

2026 Jan-05  AM 11:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| **Rebecca Crafton**, *as the next of kin to be appointed as personal representative of the Estate of Klifton Adam Bond* )<br><br>*Plaintiffs,* )<br><br>**v.** )<br><br>**ALABAMA DEPARTMENT OF CORRECTIONS, JOHN Q. HAMM,** *in their individual and official capacities,* **WENDY WILLIAMS,** *in their individual and official capacities,* **ARNALDO MERCADO,** *in their individual and official capacities,* **DEBORAH CROOK,** *in their individual and official capacities*, **EDWARD ELLINGTON,** *in their individual and official capacities,* **PHYLLIS MORGAN,** *in their individual and official capacities*, **VENCINI SMITH,** *in their individual and official capacities,* **JOHN CROW,** *in their individual and official capacities*, **GWENDOLYN BABERS,** *in their individual and official capacities*, **CAMELIA CARGLE,** *in their individual and official capacities*, **PHILLIP MITCHELL,** *in their individual and official capacities*, **DARREL FOX,** *in their individual and official capacities*, **CHS AL, LLC d/b/a YESCARE, YESCARE MEDICAL STAFF 1-10,** *in their* | CASE NO.: _____<br>**JURY TRIAL DEMANDED** |

*individual capacities*.

    )

    **Defendants.**    )

    )

## COMPLAINT

COMES NOW, Plaintiff Rebecca Crafton, in her capacity as the next of kin to be appointed as personal representative of the Estate of Klifton Adam Bond (the "Plaintiff"), and respectfully files this Complaint and alleges the following:

### INTRODUCTION

Klifton Adam Bond was found dead in St. Clair Correctional Facility on or around January 4, 2024. Although he was not sentenced to die by an Alabama court, Mr. Bond's sentence to the custody of the ADOC for a period of incarceration was tantamount to a death sentence. Mr. Bond was a thirty-eight-year-old father.

Plaintiff brings this action against the Alabama Department of Corrections ("ADOC") and its employees and agents (collectively, the "Defendants"), for Eighth and Fourteenth Amendment Violations and under 42 U.S.C. § 1983.

### JURISDICTION AND VENUE

1.    This action arises under the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2.    This judicial district is an appropriate venue under 28 U.S.C. §

1391(b)(1) because the events giving rise to this cause of action occurred in the Northern District of Alabama.

3.      The Court has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

## PARTIES

1.      Plaintiff Rebecca Crafton is of legal age and a citizen and resident of the state of Alabama.

2.      Defendant ADOC is an administrative department of the state of Alabama, established by law, and is responsible for administering and exercising the direct and effective control over penal and corrections institutions throughout this state. Defendant ADOC is based in Montgomery County, Alabama.

3.      Defendant John Q. Hamm was the Commissioner over ADOC at all relevant times. Defendant Hamm is responsible for exercising the authority, functions, and duties of the Commissioner of the ADOC including the appointment of personnel and employees within the ADOC required for the performance of the ADOC's duties towards the prisoners it incarcerates. Those duties include operating a prison system that respects the constitutional and human rights of persons within the custody of the ADOC, including the rights belonging to Mr. Bond.

4.      Defendant Wendy Williams was a Deputy Commissioner of

Corrections over ADOC at all relevant times.

5. Defendant Arnaldo Mercado was the Chief Law Enforcement Officer of the Law Enforcement Services Division at all times.

6. Defendant Deborah Crook was a Deputy Commissioner of Corrections over ADOC at all relevant times.

7. Defendant Edward Ellington was an ADOC Regional Director at all relevant times.

8. Defendant Phyllis Morgan was the Warden at Donaldson Correctional Facility at all relevant times.

9. Defendant Vencini Smith was the Warden at Donaldson Correctional Facility at all relevant times.

10. Defendant John Crow was the Warden at Kilby Correctional Facility at all relevant times.

11. Defendant Gwendolyn Babers was the Warden at Kilby Correctional Facility at all relevant times.

12. Defendant Camelia Cargle was the Warden at Kilby Correctional Facility at all relevant times.

13. Defendant Phillip Mitchell was the Warden at St. Clair Correctional Facility at all relevant times.

14. Defendant Darrel Fox was the Warden at St. Clair Correctional

Facility at all relevant times

15.    Defendant CHS AL, LLC d/b/a YesCare is the third party medical provider on duty at Ventress Correctional Facility in Clayton, Alabama at all relevant times.

16.    Defendants YesCare Medical Staff 1-10 were tasked with providing medical care and life-saving treatment at Ventress Correctional Facility in Clayton, Alabama at all relevant times.

## STATEMENT OF THE FACTS

17.    Klifton Adam Bond was found dead in St. Clair Correctional Facility on or around January 4, 2024.

18.    In mid-November 2023, Mr. Bond was attacked at Donaldson Correctional Facility ("Donaldson"). He was transported to UAB Hospital, where he underwent surgery on account of injuries sustained during the attack.

19.    Mr. Bond was in the Intensive Care Unit for at least 12 days.

20.    Mr. Bond was transported back to Donaldson on or around November 18, 2023.

21.    On November 19, 2023, Mr. Bond was transferred to Kilby Correctional Facility ("Kilby"), where we failed to receive adequate medical care or protection from danger.

22.    On December 28, 2023, Mr. Bond informed his family that he had

reason to believe that he was in danger because of certain officers discussing wanting to get him "off camera" so that they could retaliate against him for trying to get medical attention for another inmate.

23. On or about January 3, 2024, Mr. Bond was transferred to St. Clair Correctional Facility ("St. Clair"). on our about January 4, 2024, against ADOC policy and procedure, Mr. Bond was placed in housing unit K-1, rather than in an intake unit.

24. Plaintiffs were informed by inmates, and then by a St. Clair warden, that Mr. Bond was found unresponsive in his cell in the early hours on January 4, 2024.

## ATTORNEYS' FEES

1. In order to prosecute the causes of action alleged herein, the Plaintiff retained the undersigned attorneys to litigate the claims in this case. The Plaintiff is entitled to recover reasonable attorneys' fees and costs. See 42 U.S.C. § 1988.

## COUNT I

## Eighth and Fourteenth Amendment Violations and 42 U.S.C. § 1983

### *(Against All Defendants)*

2. The Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

3. Defendants' policies, practices, acts, and omissions placed Mr. Bond at an unreasonable and foreseeable risk of serious injury and death.

4. The Eighth Amendment imposes a duty upon prison officials to protect prisoners from violence at the hands of other prisoners and access to illicit drugs.

5. Defendants breached these duties and were deliberately indifferent to Mr. Bond's safety, well being, and health

6. Defendants acted with deliberate indifference to the safety of Mr. Bond while he was incarcerated by the ADOC. As a consequence, Mr. Bond was incarcerated under conditions posing a substantial risk of violations to his Eighth Amendment right against cruel and unusual punishment, which ultimately caused his death.

7. Defendants' policies, practices, acts, and omissions constituted deliberate indifference to a serious risk of harm to Mr. Bond and constitute clearly-established violations of the Cruel and Unusual Punishments Clause of the Eighth Amendment, made applicable to the States through the Fourteenth Amendment to the United States Constitution. As a proximate result of Defendants' illegal and unconstitutional acts and omissions, Mr. Bond experienced grave physical, emotional, and psychological injury and pain; and died.

8. The Defendants' above-described actions were deliberate and in

reckless disregard of the constitutional rights of Mr. Bond. Defendants' conduct warrants an award of punitive damages in an amount to be determined at trial.

9.      Punitive damages are necessary to deter future Eighth Amendment violations by these Defendants.

## COUNT II

**42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs**

*(Against All Defendants)*

10.      The Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

11.      On or about January 4, 2024, Defendants and their agents acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Mr. Bond's serious medical needs in that they had knowledge of Mr. Bond's serious medical need and condition requiring medical treatment yet refused to obtain or authorize that treatment for Mr. Bond by delaying or denying said treatment.

12.      The decisions of these individual defendants to deny Mr. Bond medical care were pursuant to one or more policies or customs at ADOC which included inadequate correction officer training, allowing untrained and/or poorly trained corrections officers to make decisions regarding medical treatment, and

denying and delaying necessary medical care to inmates with serious medical needs in order to avoid incurring charges for said medical treatment, overcrowded prison, and understaffed correction officer and medical staffs.

13.    As a result of these defendants deliberate indifference to Mr. Bond's serious medical needs for emergency treatment Mr. Bond experienced severe pain, suffering, and death thereby depriving Mr. Bond of his clearly established rights as a prisoner under the Eighth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.

14.    The delay and/or denial of emergency medical treatment to Mr. Bond for the above-described serious medical need is directly attributable to one or more customs and/or policies of the Defendants and/or violations of one or more customs and policies.

## COUNT III

## 42 U.S.C. § 1983 - Deliberate Indifference to Health and Safety, Failure to Prevent Harm

### *(Against All Defendants)*

15.    The Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

16.    Defendants and their administrative and correction officer staffs

acting under color of law within the meaning of 42 U.S.C. § 1983, were deliberately indifferent to the potential harm to Mr. Bond, failed to intervene, protect, and keep Mr. Bond safe from harm, which ultimately resulted in Mr. Bond's death. These Defendants did thereby deprive Mr. Bond of his rights under the Eighth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

17.    As a result of the conduct of defendants, Mr. Bond died on or around January 4, 2024.

## Count IV

## 42 U.S.C. § 1983 - Conspiracy to Cover Up Deliberate Indifference to Serious Medical Needs and Health and Safety

### *(Against All Defendants)*

18.    The Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

19.    Defendants conspired with each other to cover up the deliberate indifference to health and safety, failure to protect from harm, deliberate indifference to serious medical needs, and medical negligence.

## COUNT V

### State Law Wrongful Death

## Ala. Code § 6-5-410

## Wrongful Death

### *(Against All Defendants)*

20.    The Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

21.    The death of Mr. Bond was the direct and proximate result of Defendants' reckless and intentional failure to protect.

22.    Defendants' actions and failures to act proximately caused Mr. Bond's death.

23.    Defendants' misconduct gives rise to a cause of action by Mr. Bond's personal representative and renders Defendants liable for punitive damages under Alabama's wrongful death statute, Ala. Code § 6-5-410.

24.    Mr. Bond could have commenced an action for these wrongful acts or failures to act if they had not caused his death.

25.    Defendants caused the wrongful death of Mr. Bond as contemplated by Alabama Code § 6-5-410.

26.    Said defendants, separately and severally, owed a duty to Mr. Bond to provide him with a standard of care of the degree of diligence and skill common in the community and applicable to prisoners such as Mr. Bond.

27.     Defendants violated this duty of care, and violated their own policies and procedures, and in doing violated statutory their duty under Alabama and Federal law to attend to the needs of Mr. Bond in the custody of the ADOC.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs respectfully requests that this Court enter an Order:

1.  Entering a judgment against Defendants;

2.  Granting Plaintiffs' motion for a temporary restraining order to:

    a.  Halt the autopsy of Mr. Bond in light of information indicating improper and potentially illegal activity authorized by ADOC during the course of an autopsy.

    b.  Transport the body of Mr. Bond to a certified forensic pathologist not currently in a contractual relationship with ADOC.

    c.  In the alternative, if this Court does not halt the autopsy to be performed by UAB or ADFS, Plaintiffs request that a medically qualified observer of their choosing be present for the autopsy.

3.  Awarding damages, compensatory, punitive and other deemed proper by this Court, to Plaintiffs against Defendants in an amount deemed appropriate by a jury and authorized by law;

4.  Awarding to Plaintiffs reasonable attorney fees, costs and expenses under 42

U.S.C. §§ 1983 and 1988; and

5.  Providing such other and further relief to Plaintiffs as the Court deems just

and proper.

Submitted this 4th day of January, 2026.


/s/ Lauren Faraino
Lauren Faraino
Attorney for Plaintiffs


**OF COUNSEL:**
Lauren Faraino (ASB-8098-C65A)
FARAINO, LLC
2647 Rocky Ridge Lane
Birmingham, AL 35216
T: 205.737.3171
E: lauren@farainollc.com

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Lauren Faraino
Lauren Faraino

## VERIFICATION OF COMPLAINT

I, attorney Lauren Faraino, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the factual allegations in the above Complaint are true and correct based on a reasonable belief supported by a reasonable investigation into the relevant witnesses and documents.

I am above the age of 18 and of sound mind, competent to make this statement. Executed on January 4th, 2026.

*/s/ Lauren Faraino*
Lauren Faraino

## CERTIFICATE OF SERVICE

I, Lauren Faraino, do hereby Certify that a true and correct copy of the foregoing has been furnished by certified mail on this 4th day of January 2026, to all Defendants.

*/s/ Lauren Faraino*
Lauren Faraino
Attorney for Plaintiff
